UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry W. Nelson, #269049, ) | C/A No. 6:07-2697-HMH-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Stan Burtt, Warden of Lieber C. I., ) | |
| ) | |
| Respondent ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been

submitted to the Court *pro se* by a state prison inmate.[1]  Petitioner is currently confined at

Lieber Correctional Institution, serving a sentence imposed by the Williamsburg County

General Sessions Court following a guilty plea entered by Petitioner in 2000.  This is the

fourth time that he has filed a petition for writ of habeas corpus in this Court asserting

unconstitutionality of the Williamsburg County convictions and sentences.  *See* Civil Action

Nos. 6:05-2660-HMH; 6:06-1729-HMH; and 6:06-2422-HMH.

The first petition that he filed pursuant to § 2254 was considered on the merits and

dismissed as untimely.  *See Nelson v. Lieber Correctional Institution*, C/A No. 6:05-2660-

HMH-WMC. The Petitioner's appeal to the Fourth Circuit Court of Appeals was dismissed

in October 2006.  *Nelson v. Lieber Correctional Institution*, No. 06-7056, 201 Fed. Appx.

927 (4th Cir. Oct. 3, 2006).  The second petition, filed in June 2006, was dismissed as

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

successive, and an appeal of that dismissal to the Fourth Circuit Court of Appeals was also dismissed and the Fourth Circuit specifically declined to authorize a second or successive petition in that case. *Nelson v. McMaster*, No. 06-7387, 203 Fed. Appx. 479 (4th Cir. Oct. 24, 2006). Petitioner's third habeas petition challenging his 2000 guilty plea and sentence was dismissed as successive by this Court in October 2006, and no appeal was taken from that dismissal. *Nelson v. Lieber Correctional Institution*, Civil Action No. 6:06-2422-HMH. There are no allegations contained in the Petition filed in this case to indicate that Petitioner received authorization from the Fourth Circuit Court of Appeals before filing this case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is

evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The Petition filed in this case should be dismissed as successive. A review of this Court's records reveals Petitioner's procedural history in this Court and, as previously stated, shows that Petitioner has already filed three petitions for writ of habeas corpus based on his 2000 Williamsburg County convictions and sentences. One of those Petitions was considered on the merits and dismissed for untimeliness, and that decision was confirmed on appeal.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes

3

in federal and state courts.  Of particular importance here are the provisions of the AEDPA

codifying and extending judicially constructed limits on the consideration of second and

successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657

(1996).  Under the AEDPA, an individual may not file a second or  successive §  2254

petition for a writ of habeas corpus (or the equivalent thereof as here) or a second or

successive § 2255 motion to vacate sentence without first receiving permission to do so

from the appropriate circuit court of appeals.  *See In re Vial*, 115 F.3d at 1194.[2]  The

"gatekeeping" mechanism created by the AEDPA added section 2244(3) to provide:

> The prospective applicant must file in the court of appeals a motion
> for leave to file a second or successive habeas application in the district
> court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine
> whether the application makes a prima facie showing that the application
> satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B),
> (D).

*Felker*, 518 U.S. at 657.  Because Petitioner did not obtain authorization from the Fourth

Circuit Court of Appeals to file this Petition in the district court, this Court does not have

jurisdiction to consider it, and it is subject to summary dismissal without service on the

Respondent.  *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205

F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000);

*U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v.  Douglas*, 141 F.3d 974, 975-76

---

[2] Petitioner may be able to present a claim for the first time in a successive habeas petition
where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. §  2244(b)(2)(A), or, if the claim
is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both
cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii).  *See Evans v.
Smith*, 220 F.3d 306, 323 (4th Cir. 2000).  Petitioner is advised that "[t]he grant or denial of an
authorization by a court of appeals to file  a second or successive application shall not be appealable
and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

(10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

August 10, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).